# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

FRANK J. ARCENEAUX                                CIVIL ACTION

versus                                            NO. 06-3964

N. BURL CAIN, WARDEN,                             SECTION: "S" (6)
LOUISIANA STATE PENITENTIARY

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. <u>See</u> 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Frank J. Arceneaux, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On March 29, 2000, he was convicted of attempted aggravated rape, attempted aggravated oral sexual battery, second-degree kidnapping, and aggravated sexual battery.[2] On June 27, 2000, he was sentenced to the following terms of imprisonment: fifty years on the attempted aggravated rape conviction; ten years on the attempted aggravated oral sexual battery conviction; forty years on the second-degree kidnapping conviction; and fifteen years on the aggravated sexual battery conviction. It was ordered that those sentences be served concurrently and without benefit of parole, probation, or suspension of sentence.[3] On March 28, 2002, the Louisiana First Circuit Court of Appeal affirmed the convictions and sentences.[4] Petitioner's related writ applications were denied by the Louisiana Supreme Court on November 22, 2002,[5] and the United States Supreme Court on October 6, 2003.[6]

Petitioner filed with the state district court an application for post-conviction relief on May 20, 2004.[7] That application was denied on December 17, 2004.[8] Petitioner's related writ

---

[2] State Rec., Vol. II of V, trial transcript, pp. 267-69; State Rec., Vol. II of V, minute entry dated March 29, 2000; State Rec., Vol. I of V, jury verdict forms.

[3] State Rec., Vol. II of V, transcript of June 27, 2000, pp. 18-20; State Rec., Vol. I of V, minute entry dated June 27, 2000.

[4] State v. Arceneaux, No. 2001 KA 0836 (La. App. 1st Cir. Mar. 28, 2002); State Rec., Vol. III of III.

[5] State v. Arceneaux, 829 So.2d 1037 (La. 2002) (No. 2002-K-1205); State Rec., Vol. III of IV.

[6] Arceneaux v. Louisiana, 540 U.S. 831 (2003).

[7] State Rec., Vol. III of V.

[8] State Rec., Vol. III of V, Judgment dated December 17, 2004.

applications were likewise denied by the Louisiana First Circuit Court of Appeal on April 18, 2005,[9] and the Louisiana Supreme Court on April 24, 2006.[10]

On July 5, 2006, petitioner filed the instant federal application for *habeas corpus* relief.  In support of his application, petitioner asserts the following claims:

1.  The trial court erred in denying petitioner's challenge for cause of prospective juror Mickey Lirette;

2.  Petitioner was denied his right to be present at the rendition of the verdicts; and

3.  Petitioner's rights were violated when the prosecutor used his peremptory strikes in a discriminatory manner and when defense counsel failed to object either at trial or on appeal.

The state concedes that petitioner's federal application was timely filed and that he exhausted his state court remedies.[11]

Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact,

---

[9] State v. Arceneaux, No. 2005 KW 0228 (La. App. 1st Cir. Apr. 18, 2005); State Rec., Vol. V of V.

[10] State *ex rel.* Arceneaux v. State, 926 So.2d 533 (La. 2006) (No. 2005-KH-1536); State Rec., Vol. V of V.

[11] Rec. Doc. 6, p. 6.

questions of law, and mixed questions of law and fact.  Provided that the state court adjudicated the

claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under

§ 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2).  <u>Hill v. Johnson</u>, 210 F.3d 481,

485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer

to the state court's decision unless it "was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States."  28

U.S.C. § 2254(d)(1).   The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses
> have independent meaning.  A federal habeas court may issue the
> writ under the "contrary to" clause if the state court applies a rule
> different from the governing law set forth in our cases, or if it decides
> a case differently than we have done on a set of materially
> indistinguishable facts.   The court may grant relief under the
> "unreasonable application" clause if the state court correctly
> identifies the governing legal principle from our decisions but
> unreasonably applies it to the facts of the particular case.  The focus
> of the latter inquiry is on whether the state court's application of
> clearly established federal law is objectively unreasonable, and we
> stressed in <u>Williams[ v. Taylor</u>, 529 U.S. 362 (2000)] that an
> unreasonable application is different from an incorrect one.

<u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court

will give deference to the state court's decision unless it "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."  28

U.S.C. § 2254(d)(2); <u>see also</u> <u>Hill</u>, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

<u>Facts</u>

On direct appeal, the Louisiana First Circuit Court of Appeal summarized the facts

of this case as follows:

> On July 26, 1999, at approximately 2:18 a.m., Major Euia Usie of the Terrebonne Parish Sheriff's Office received a phone call concerning an alleged aggravated rape that occurred in the Gibson, Louisiana area. As a result of the phone call, Major Usie, Lieutenant Randy Trosclair, and Deputy Kyle Bergeron interviewed the defendant. During the interview, the defendant confessed to riding a bicycle to the home of his sister, A. F., and then hiding the bicycle on the side of the residence. The defendant entered the home through an open window of the bedroom of the six-year-old victim, D. F. Once he entered the home, the defendant grabbed the victim and carried her through the window.
> The defendant carried the victim out to the road just away from the home. He poured alcohol on a cloth and placed the cloth over the victim's nose and mouth in an attempt to cause her to become unconscious. When the victim failed to lose consciousness, the defendant removed the alcohol-soaked cloth from her face and inserted his fingers into her vagina. The defendant ignored the victim's cries and pleas to be released. After subjecting the victim to this act for several minutes, the defendant stopped when he heard a noise. He left the victim in the road and ran home.
> D. F. walked back to her home and went to the door of the residence. At approximately 1:00 a.m., A. F. heard someone at the door and opened it to find her daughter standing there crying. D. F. informed her parents that "Uncle Frankie" took her. The victim's parents described her as having a hoarse voice, terrorized, crying, and badly bruised. Her parents reported the incident to the police. The victim's mother placed her into her mother's bed and began questioning her as to what happened to her. A. F. inspected her daughter's underwear and discovered a red substance later identified as blood on the lining of her panties. The defendant was subsequently arrested.[12]

---

[12] <u>State v. Arceneaux</u>, No. 2001 KA 0836, at pp. 4-5 (La. App 1st Cir. Mar. 28, 2002); State Rec., Vol. III of III.

<u>Challenge for Cause</u>

Petitioner's first claim is that the trial court erred in denying petitioner's challenge for cause of prospective juror Mickey Lirette. Because petitioner raised the claim at trial but failed to pursue it on appeal, the claim was procedurally defaulted under state law, which provides: "If the [post-conviction] application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief." La.C.Cr.P. art. 930.4(C). When petitioner asserted the claim in the state post-conviction proceedings, the state district court declined to consider it on that basis. Because petitioner contended that the default was the result of ineffective assistance of counsel, the district court considered only that allegation and found that counsel was not ineffective.[13] The Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court likewise denied relief without assigning additional reasons.[14]

When the state courts reject a claim as procedurally defaulted, a federal court is normally procedurally barred from considering the claim. The United States Fifth Circuit Court of Appeals has explained:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state

---

[13] State Rec., Vol. III of V, Judgment dated December 17, 2004.

[14] <u>State v. Arceneaux</u>, No. 2005 KW 0228 (La. App. 1st Cir. Apr. 18, 2005); <u>State <em>ex rel.</em> Arceneaux v. State</u>, 926 So.2d 533 (La. 2006) (No. 2005-KH-1536); State Rec., Vol. V of V.

> courts, and applied to the majority of similar claims. This rule
> applies to state court judgments on both substantive and procedural
> grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

The state district court clearly and expressly rejected petitioner's claim on procedural grounds, i.e. La.C.Cr.P. art. 930.4(C). Because the state's intermediate appellate court and supreme court did not assign separate reasons when rejecting the claim, it is presumed that they likewise rejected the claim on the same basis. Finley, 243 F.3d at 218 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground."). Further, it is clear that La.C.Cr.P. art. 930.4(C) is an independent and adequate state ground to support the application of a procedural bar. Bell v. Cain, No. 02-259, 2002 WL 31002831, at *4 (E.D. La. Aug. 29, 2002), certificate of appealability denied, No. 02-30947 (5th Cir. July 30, 2003); see also Gilkers v. Cain, Civ. Action No. 05-841, 2006 WL 1985969, at *2 (E.D. La. May 30, 2006).

"When the state court has relied on an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). In the instant case, petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted) (emphasis in original). Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural

rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel. <u>Romero v. Collins</u>, 961 F.2d 1181, 1183 (5th Cir. 1992).

As noted, petitioner contends his default of this claim was due to ineffective assistance of counsel. The state courts rejected that contention, and this Court agrees for the following reasons.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. <u>Id</u>. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. <u>See</u> <u>Styron v. Johnson</u>, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." <u>Little v. Johnson</u>, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. <u>See</u> <u>Strickland</u>, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 371 (1993) (quoting <u>Strickland</u>, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. <u>See</u> <u>Crockett v. McCotter</u>, 796 F.2d 787, 791 (5th Cir. 1986); <u>Mattheson v. King</u>, 751 F.2d 1432, 1441 (5th Cir. 1985).

It should be noted that an appellate counsel's performance is not rendered deficient merely because of he failed to raise every argument desired by his client. "Counsel is not obligated to urge on appeal every nonfrivolous issue that might be raised (not even those requested by defendant)." West v. Johnson, 92 F.3d 1385, 1396 (5th Cir. 1996). As the United States Supreme Court has noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Far from evidencing ineffectiveness, an appellant counsel's restraint often benefits his client because "a brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." Id. at 753. Therefore, it does not necessarily follow that petitioner's counsel, who raised *twenty* claims on appeal, including claims that the trial court erred in denying cause challenges of three other prospective jurors,[15] should be deemed deficient for failing, in the exercise of his professional judgment, to also raise this claim.

In any event, the state courts noted that, even if it were *assumed* that counsel performed deficiently in that respect, petitioner cannot show that he was prejudiced as a result. For the following reasons, this Court agrees.

In order to prove that he was prejudiced by counsel's failure to pursue this claim on appeal, petitioner must show a reasonable probability that he would have prevailed on appeal but for his counsel's failure. See Briseno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001); see also Smith v. Robbins, 528 U.S. 259, 286 (2000). Therefore, petitioner must demonstrate a reasonable

---

[15] State Rec., Vol. III of V, Original Brief of Appellant.

probability that, if his counsel had raised this claim, the appellate court would have vacated or reversed the trial court judgment based on the alleged error. Briseno, 274 F.3d at 210. For the following reasons, it is evident that petitioner cannot make that showing.

It was discovered during *voir dire* that prospective juror Mickey Lirette was related to one of the state's witnesses. That relationship and its affect on Lirette's potential service were explored as follows:

> MS. PINHO [defense counsel]:
> Okay. Mr. Lirette, you indicated sir, that your sister-in-law – I'm sorry. You indicated your first cousin, Lamar Pellegrin, is a witness in this case – Would you be more likely to believe Lamar Pellegrin over everyone else in this case, because of the relationship, or would you be able to judge Lamar Pellegrin's testimony as everybody else? Would the fact that she's family make you more likely to believe that person?
>
> MR. LIRETTE:
> I'd judge her's [sic] just like everybody else's.
>
> MS. PINHO:
> So you don't feel that her testimony – you would give it any more weight because of your relationship?
>
> MR. LIRETTE:
> No.
>
> MS. PINHO:
> So if you didn't believe her, if you don't believe her, it doesn't matter that she's family?
>
> MR. LIRETTE:
> Well, I know she wouldn't lie.
>
> MS. PINHO:
> You know she wouldn't lie?

MR. LIRETTE:

    Right.

MS. PINHO:

    Okay. And so because you know ...

MR. LIRETTE:

    ... I believe anyone else on there wouldn't lie neither, so I'd judge them all the same.

MS. PINHO:

    Okay.

MR. LIRETTE:

    They're all going to take an oath; I hope they'll abide by it.

MS. PINHO:

    Okay. So you mean that you don't think she could lie because she takes an oath to tell the truth?

MR. LIRETTE:

    I think nobody should lie when they take an oath, so I'm going to believe everybody that gets up there.

MS. PINHO:

    You believe that everybody who gets up there would be telling the truth, but what if there are differences, and everybody takes the oath. What if some people say one thing and other people say different?

MR. LIRETTE:

    Well that's fact I'll have to weigh out, you know.

MS. PINHO:

    And my question is simple ....

MR. LIRETTE:

    ... I mean, they're going to give the facts through their knowledge, I mean.

MS. PINHO:

    Right.

MR. LIRETTE:
> You know ... I mean ...

MS. PINHO:
> The fact that you're related to Lamar Pellegrin, would you be more likely to believe her, if her story was different from somebody else's, just because of your relationship?

MR. LIRETTE:
> I'd believe her, right.

MS. PINHO:
> You would be more likely to believe her.

MR. LIRETTE:
> Right.[16]

Based on that exchange, defense counsel challenged Lirette for cause:

MS. PINHO:
> Judge, Mickey Lirette indicated that he would be more likely to believe Lamar Pellegrin because of their relationship; she's his first cousin.

THE COURT:
> Mr. Barnes, what is your reply to that?

MR. BARNES [the prosecutor]:
> I'm not sure that's what he said, Judge, but I think what he was trying to say is that he would listen to everybody, and basically everybody would have the same starting point, and that is, he presumes they're going to tell the truth.

THE COURT:
> Who is his cousin?

---

[16] State Rec. Vol. II of V, trial transcript, pp. 193-96.

MR. BARNES:
That's the nurse, Judge, that saw the girl, and just made some observations in the record concerning the intercourse that the girl had.

THE COURT:
Overruled.[17]

Defense counsel then used a peremptory challenge to strike Lirette.[18]

In order to determine whether there is a reasonable probability that petitioner would have prevailed on appeal if this claim had been asserted, this Court must look to state law. Because defense counsel ultimately exhausted all of her peremptory challenges in the case,[19] Louisiana law would require reversal of petitioner's conviction if the appellate court found that the trial court erroneously denied a defense challenge for cause. State v. Kang, 859 So.2d 649, 651-52 (La. 2003). However, "[a] trial judge is afforded great discretion in determining whether cause has been shown to reject a prospective juror. Such determinations will not be disturbed on review unless a review of the voir dire as a whole indicates an abuse of discretion." State v. Lattin, 870 So.2d 509, 512 (La. App. 2nd Cir. 2004).

Turning to the particular challenge at issue here, it is clear that a potential juror need not be excused merely because he is related to a testifying witness. See State v. James, 431 So.2d 1075, 1081 (La. App. 2nd Cir. 1983) (potential juror and witness were first-cousins). Rather, the

---

[17] State Rec. Vol. II of V, trial transcript, pp. 209-10.

[18] State Rec. Vol. II of V, trial transcript, p. 211.

[19] State Rec. Vol. II of V, trial transcript, p. 212.

critical factor is whether "the relationship would influence the juror's verdict." State v. Allen, 682 So.2d 713, 725 (La. 1996).

In the instant case, Lirette's responses were troubling because he indicated that he would automatically believe Pellegrin's testimony and give it more credence if it conflicted with the testimony of another witness. In the absence of rehabilitation of the potential juror, Louisiana courts have reversed convictions based on denials of cause challenges where there were similar presumptions of veracity and indications that a witness's testimony would be given additional weight based solely on a preexisting relationship. See, e.g., State v. Hallal, 557 So.2d 1388, 1390 (La. 1990); State v. Burge, 498 So.2d 196, 204 (La. App. 1st Cir. 1986).

However, in the instant case, an additional factor must be considered. Louisiana courts have also indicated that reversal of a conviction is not warranted based on a denial of a cause challenge where the prosecution's case was not directly dependent on the pertinent witness's credibility and her testimony was not crucial to the state's case. See, e.g., State v. Johnson, 941 So.2d 696, 708 (La. App. 3rd Cir. 2006); State v. Price, 842 So.2d 491, 519 (La. App. 4th Cir. 2003). As noted below, those exceptions are applicable here.

In order the secure a conviction on the charge of aggravated sexual battery, the prosecution was required to show, *inter alia*, that the victim suffered "extreme physical pain." La.Rev.Stat.Ann. § 14:43.2. Although Pellegrin, a registered nurse, testified on that issue, there was considerable other evidence on the issue, including petitioner's confession, the victim's statements, and other medical evidence. As the Louisiana First Circuit Court of Appeal noted on direct appeal:

> The defendant's act of putting his fingers into the victim's vagina for
> a period of what he described as "probably five minutes" with "about

an inch or two" of penetration was an infliction of extreme physical pain upon the victim. Expert witness and registered nurse, Lamar Pellegrin, testified that the victim suffered multiple tears and abrasions to the vaginal area. Additionally, Dr. Jeffery St. Claire, an expert witness in emergency medicine, testified that the victim had abrasions in the vaginal area and superficial tears or lacerations. The doctor also testified that the victim sustained trauma to the vaginal area consistent with penetration by the use of an unknown object (he stated the use of fingers was a possibility) and that her hymen may have been disrupted. During the audiotaped interview, the victim stated that her "poopie" would hurt when she applied pressure to the area and when she would urinate. During his statement to the police, the defendant described himself as six feet tall and weighing "[p]robably 290 to 300" pounds. The six-year-old victim's mother described her daughter as weighing 40-45 pounds at the time of the incident and reaching up to her mother's waist in height. Considering the evidence, we find that the extreme physical pain suffered by the victim was intentionally inflicted by the defendant and that it rose to the extreme level of pain required by LSA-R.S. 14:43.2.[20]

Because Pellegrin's credibility was not at issue and her testimony was only a small part of the abundant evidence on this issue, it is clear that her testimony was not crucial to the prosecution's case. Therefore, petitioner cannot show that there is a reasonable probability that, had this issue been raised on appeal, the appellate court would have found that the trial judge abused his discretion in denying the challenge for cause and reversed the conviction on that basis. Accordingly, petitioner cannot demonstrate that he was prejudiced by counsel's failure to raise this claim on appeal and so his attempt to cite counsel's failure as "cause" for the procedural default necessarily fails.

Because petitioner has not met the "cause and prejudice" test, this Court must next determine whether the application of the procedural bar would result in a fundamental miscarriage

---

[20] State v. Arceneaux, No. 2001 KA 0836, at pp. 9-10; State Rec., Vol. III of III.

of justice. In order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). The United States Fifth Circuit Court of Appeals has held:

> To demonstrate actual innocence, it is necessary that the petitioner show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt ... in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial.

Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998) (quotation marks and citations omitted). Applying that standard, the Court finds that petitioner does not make a persuasive showing that he is actually innocent of the charges against him in light of the overwhelming evidence of his guilt, including his own confession, the victim's statement, and the physical evidence. Accordingly, petitioner has not demonstrated that any miscarriage of justice will result from the application of the procedural bar, and, therefore, federal review of his underlying claim is barred.

However, out of an abundance of caution, the Court additionally notes that, even if petitioner's claim were not procedurally barred, it has no merit. Where the challenged juror is removed by use of a preemptory challenge after the denial of a challenge for cause, a petitioner is entitled to federal relief only if he demonstrates that the jury ultimately selected to try the case was impartial. Ross v. Oklahoma, 487 U.S. 81, 85-86 (1988). Because defense counsel used a peremptory challenge to strike Lirette and because petitioner does not allege in this proceeding that

the jury ultimately selected was impartial, his claim fails.  Dorsey v. Quarterman, 494 F.3d 527, 533 (5th Cir. 2007), cert. denied, 128 S.Ct. 1444 (2008); Lagrone v. Cockrell, No. 02-10976, 2003 WL 22327519, at *12 (5th Cir. Sept. 2, 2003).

### Presence During the Rendition of the Verdicts

Petitioner next claims that he was denied his right to be present at the rendition of the verdicts.  This claim fails for several reasons.

First, petitioner in part cites provisions of state law in support of his claim.  To the extent that he is claiming that his rights under state law were violated, his claim is not cognizable in this federal forum.  "'[I]t is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions.'"  Trevino v. Johnson, 168 F.3d 173, 184 (5th Cir. 1999) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding.  We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law.") (internal citation and quotation marks omitted).  Therefore, even if the state courts in fact misapplied state law, that would be of no moment in this proceeding.  Federal *habeas corpus* relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice.  28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983).

Second, to the extent that petitioner is also asserting a violation of federal law, his claim was procedurally defaulted in the state courts.  The claim was not raised in a contemporaneous objection at trial.  La.C.Cr.P. art. 841(A) ("An irregularity or error cannot be availed of after verdict

unless it was objected to at the time of occurrence."); see also La.C.Cr.P. art. 930.4(B) ("If the [post-conviction] application alleges a claim of which the petitioner has knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court may deny relief."). Additionally, the claim was not raised on appeal. See State v. Gaines, 701 So.2d 688, 693 (La. App. 4th Cir. 1997) ("A defendant is procedurally barred from raising a claim on post conviction relief if he could have done so on appeal or in prior applications."). When petitioner first asserted this claim in the state post-conviction proceedings, the state district court declined to consider it on those bases. Because petitioner contended that the default was the result of ineffective assistance of counsel, the district court considered only that allegation and found that counsel were not ineffective in that respect.[21] The Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court likewise denied relief without assigning additional reasons.[22]

    In light of the foregoing, it is evident that the state courts rejected petitioner's claim on procedural grounds. Further, those grounds are clearly independent and adequate state procedural rules. Addison v. Louisiana, Civ. Action No. 07-3069, 2009 WL 331416, at *7 (E.D. La. Feb. 10, 2009) ("It is well-settled that Louisiana's contemporaneous-objection rule is an independent and adequate state procedural ground, regularly applied by the Louisiana courts.") (citing Duncan v. Cain, 278 F.3d 537, 541 (5th Cir. 2002)); Simmons v. Cain, Civ. Action No. 06-2130, 2008 WL 2185422, at *4-6 (E.D. La. May 20, 2008) (La.C.Cr.P. art. 930.4(B) is an independent and adequate

---

[21]  State Rec., Vol. III of V, Judgment dated December 17, 2004.

[22]  State v. Arceneaux, No. 2005 KW 0228 (La. App. 1st Cir. Apr. 18, 2005); State ex rel. Arceneaux v. State, 926 So.2d 533 (La. 2006) (No. 2005-KH-1536); State Rec., Vol. V of V.

state procedural rule); <u>Richthofen v. Cain</u>, Civ. Action No. 05-5701, 2008 WL 630477, at *28 n. 31 (E.D. La. Mar. 7, 2008) ("[I]t is clear that the procedural rule in question, i.e. that a claim regarding an appealable issue is waived if not asserted on appeal, is an independent and adequate state court ground.").

Because the state courts relied on independent and adequate state procedural rules to deny the claim, the Court must determine whether petitioner has demonstrated cause and prejudice for his default. <u>Hughes v. Johnson</u>, 191 F.3d 607, 614 (5th Cir. 1999). Again, petitioner contends that ineffective assistance of counsel caused the default of his claim. As noted, the state courts rejected that contention, and this Court agrees for the following reasons.

As explained previously, a petitioner claiming ineffective assistance of counsel must establish both that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 697 (1984). Here, petitioner cannot make the required showing.

As to his contention that counsel was ineffective in failing to raise the issue at trial, petitioner fails on both of the <u>Strickland</u> prongs. Although petitioner correctly notes that the transcript does not expressly state that he was present when the verdicts were rendered, the transcript likewise does not indicate that he was absent. The transcript is simply silent on this issue.[23] Without

---

[23] The Court further notes that the record arguably suggests that he was in fact present. The minutes reflect that "[a]ll parties" were present at 10:27 p.m. when the jury returned to their deliberations after being reread one of the charges. The verdict was then returned in open court a mere thirteen minutes later with no indication that anyone other than the jurors had left the courtroom during that brief interval. State Rec., Vol. II of V, minute entry dated March 29, 2000. Further, the transcript reflects that, after the verdicts were read and the proceedings concluded, the judge stated: "There being no further business, Court will be adjourned, and I would ask that the

any evidence whatsoever that petitioner on this issue, there is no basis for this Court to conclude that petitioner was absent or, by extension, that his counsel performed deficiently in failing to object to his absence. Further, in any event, even if he were absent, petitioner cannot show the required prejudice to support an ineffective assistance of counsel claim. In order to prove prejudice resulting from trial counsel's performance, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Obviously, the outcome of petitioner's trial would not have been different if only he had been present during the rendition of the verdicts.

As to any contention that appellate counsel was ineffective in failing to raise the issue on direct appeal, that contention is likewise meritless. Because there was no contemporaneous objection at trial, the claim would not have been cognizable on appeal. La.C.Cr.P. art. 841(A). Where appellate review of a claim would be barred due to the absence of a contemporaneous objection, appellate counsel is not ineffective for failing to assert the claim. See, e.g., Ketchum v. Quarterman, Civ. Action No. C-08-193, 2008 WL 4552795, at *11 (S.D. Tex. Oct. 7, 2008); Abshear v. Moore, 546 F.Supp.2d 530, 546 (S.D. Ohio 2008).

Because petitioner has again failed to meet the "cause and prejudice" test, he can overcome the procedural bar of this claim only by demonstrating that application of the bar would

---

parents of the victim now leave the courtroom, and any other persons except the police officers. And after that, then the defendant will be escorted to the facility." State Rec., Vol. II of V, trial transcript, p. 271. That comment would seem to suggest that petitioner was present in the courtroom at that time.

result in a fundamental miscarriage of justice.  For the reasons previously discussed, he cannot make that showing in this case.  Accordingly, this claim is also procedurally barred from federal review.

Third, in any event, even if the federal claim was not procedurally barred, petitioner has not met his burden of proof to establish that he is entitled to relief.  As previously noted, he has presented no evidence whatsoever establishing that he was in fact absent when the verdicts were rendered.  Because there is no evidence to establish that critical fact, this claim may be rejected on the merits without further inquiry.[24]

---

[24]  Petitioner suggests that he should now be afforded an evidentiary hearing to establish that he was absent.  However, having failed to diligently pursue his claim in state court, petitioner is not not entitled to attempt to gather his evidence and prove his claim in the first instance in this Court.  See 28 U.S.C. § 2254(e)(2).  Interpreting that provision, the United States Supreme Court has noted:

> Section 2254(e)(2) begins with a conditional clause, "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings," which directs attention to the prisoner's efforts in state court.  We ask first whether the factual basis was indeed developed in state court, a question susceptible, in the normal course, of a simple yes or no answer.

Williams v. Taylor, 529 U.S. 420, 431 (2000).  If the answer is no, then the pertinent issue is whether the failure to develop the factual basis of the claim was the fault of the petitioner.  A petitioner is considered to be at fault when he or his counsel, through simple lack of diligence or some greater fault, fails to take the necessary steps in state court to develop the factual basis of his claim.  Id. at 432.

In summary, as the Supreme Court noted:

> For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error.  If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met.  Federal courts sitting in habeas are not an alternative forum for trying facts and issues when a prisoner made insufficient effort to pursue in state proceedings.

Williams, 529 U.S. at 437.

In the instant case, petitioner has not demonstrated that he was diligent in developing the

<u>Batson/Ineffective Assistance of Counsel Claims</u>

Petitioner next claims that his rights were violated when the prosecutor used his peremptory strikes in a racially discriminatory manner and when defense counsel failed to object either at trial or on appeal. Those claims must likewise be rejected for the following reasons.

In <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), the United States Supreme Court clearly held that a prosecutor may not use his peremptory challenges to exclude potential jurors solely on account of their race. When petitioner first presented his <u>Batson</u> claim in the state post-conviction proceedings, the state courts found that the claim had been defaulted because it was not raised either at trial or on appeal. Because petitioner contended that the default was the result of ineffective assistance of counsel, the district court considered only that allegation and found that counsel were not ineffective in that respect.[25] The Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court likewise denied relief without assigning additional reasons.[26]

In light of the foregoing, it is evident that the state courts rejected petitioner's <u>Batson</u> claim on procedural grounds. Further, as previously noted in this opinion, the procedural grounds on which the state courts relied are clearly independent and adequate state procedural rules.

_____

record in the state district court and giving that court the opportunity to consider the merits of his claim. Therefore, any fault in failing to develop this claim in state court rests squarely with petitioner. In light of that fact, and because he has not demonstrated that the exceptions set forth in 28 U.S.C. § 2254(e)(2) apply, he is not entitled to an evidentiary hearing in federal court on his claim. See <u>Riddle v. Cockrell</u>, 288 F.3d 713, 719 (5th Cir. 2002); <u>Smith v. Dretke</u>, 134 Fed. App'x 674, 681 (5th Cir. 2005)

[25] State Rec., Vol. III of V, Judgment dated December 17, 2004.

[26] <u>State v. Arceneaux</u>, No. 2005 KW 0228 (La. App. 1st Cir. Apr. 18, 2005); <u>State *ex rel.* Arceneaux v. State</u>, 926 So.2d 533 (La. 2006) (No. 2005-KH-1536); State Rec., Vol. V of V.

Because the state courts' finding of default was based on independent and adequate state grounds, this Court must determine whether petitioner has demonstrated cause and prejudice for the default. Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). Again, petitioner contends that ineffective assistance of counsel caused the default of his claim. As noted, the state courts found that contention meritless.

It is irrefutable that trial counsel and appellate counsel were not ineffective for failing to assert a Batson claim for one simple reason: the prosecution used *no* peremptory challenges.[27] In light of that fact, a Batson claim would have been utterly frivolous and, therefore, counsel cannot be deemed ineffective for failing to assert it. See, e.g., United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

Because petitioner has again failed to meet the "cause and prejudice" test, he can overcome the procedural bar of this claim only by demonstrating that application of the bar would result in a fundamental miscarriage of justice. For the reasons previously noted, he cannot make that showing in this case. Accordingly, his Batson claim is also procedurally barred from federal review.

---

[27] State Rec., Vols. I and II of V, trial transcript, pp. 115-18 and 210-13; State Rec., Vol. II of V, minute entry dated March 27, 2000.

However, even if the <u>Batson</u> claim were not procedurally barred, it obviously has no merit in light of the fact that the prosecution exercised no peremptory challenges.

Lastly, although petitioner's separate claim that his trial and appellate counsel were ineffective in failing to assert a <u>Batson</u> challenge is not itself procedurally barred, it is meritless for the reasons previously noted.

## <u>RECOMMENDATION</u>

Accordingly, **IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ninth day of March, 2009.

**LOUIS MOORE, JR.**
**UNITED STATES MAGISTRATE JUDGE**